IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.: Heparin Products                                       MDL No. 1953
       Liability Litigation

**********************

Derrick Phillips, etc., et al.,

       Plaintiff                                       No. 1:09HC60070

   v.                                                          **ORDER**

Hospira Worldwide, Inc., et al.,

       Defendant(s)

      This is a products liability suit based on alleged administration of contaminated Heparin produced and/or administered by the defendant(s). Pending is plaintiffs' motion for reconsideration (Doc. 43) of an order granting summary judgment in favor the Baxter defendants. (Doc. 42). The gravamen of that order was the medical records showed that the plaintiffs' decedent, Billy Phillips, manifested symptoms associated with administration of contaminated heparin *before* receiving heparin at 7:40 p.m. on February 14, 2008.

      Plainitffs' motion alleges that in granting summary judgment I failed to read the record most favorably in their favor and the medical records, when properly read, show that Mr. Phillips pre-

administration symptoms (low blood pressure, elevated breathing rate (indicative of respiratory distress)) had moderated before he received heparin.

Plaintiffs also contend that a later administration of heparin triggered within sixty minutes the first of a series of code events that ultimately resulted in his death during the early morning hours of February 15, 2008.

Defendants' opposition to the motion to reconsider contends, in essence, that plaintiffs misstate, or, at least, misinterpret the medical records. In their view, the records show indisputably that: 1) at the time of the first administration of heparin, Mr. Phillips had already manifested the symptoms which plaintiffs claim followed the administration; and 2) more than sixty minutes had elapsed between the 11:45 p.m. administration of heparin and the first code event.

On review of the applicable records, I agree with the plaintiffs that there is a genuine dispute of material fact as to whether Mr. Phillips coded within sixty minutes of the second administration of heparin at 11:45pm.

Following elective back surgery, Mr. Phillips experienced a fluctuation in his blood pressure. His blood pressure increased following administration of saline solution. At 6:21 p.m. his blood pressure was 66/49. By 7:02 the readings had improved to 113/55. However, by 7:27 it had declined to 82/51 and at 7:31, it was 81/66. (Doc. 49-2, pg. 3).

One minute earlier, at 7:30 p.m., Mr. Phillips had arrived at the Post Anesthesia Care Unit. On arrival at the PACU, he was noted as being "Diaphoretic, Tachycardic, Hypotensive. C/o difficulty breathing." (Docs. 45-1, 49-1). At 7:40, as noted, he received a bolus dose of heparin (which I assume for purposes of this order was contaminated Baxter heparin).

At 11:45 later that evening, Mr. Phillips received another bolus dose of contaminated heparin. Thereafter he had, as noted, the first of a series of code events preceding his death. The determinative issue which the motion to reconsider raises is when did the first code occur.

Plaintiffs contend that it occurred at 12:30 a.m. – within the sixty minute window. In support of this, they cite to the Interdisciplinary Patient Notes in the record that indicate that there was a "code called" at "0:30" on 2/15/08. (Doc. 45-1 at p. 5). Defendants point to a different record in their claim that the first code event occurred at 1:04am. (Doc. 49-4 at p. 3). While the record appears to provide further support for defendants' contention, *see* Doc. 45-1 at p. 4 (noting that the patient "arrested 3 times during the last few hours of his life") and Doc. 49-4 (containing three Code Blue Records for 1:04am, 1:45am, and 2:18am), it is not my role to weigh the evidence on a motion for summary judgment.

In light of the foregoing, it is

**ORDERED THAT** the plaintiffs' motion for reconsideration be, and the same hereby is granted. My order from May 4, 2012 is hereby vacated.[1]

So ordered

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Submission of additional facts, analysis, and argument, when a litigant could have submitted that material earlier, is generally not proper. *See, e.g., Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). I exercise my discretion to grant the motion, however, even in light of the fact that plaintiffs' motion contains a considerably more fulsome analysis of the medical records than they did when I first considered granting summary judgment. *See Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).